UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
99 APR 16 AM 9:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 16 1999

GORDON L. POSEY, )
      Plaintiff, )
      vs. ) CV 98-L-0711-NE
OXFORD LIFE INSURANCE )
COMPANY, and U-HAUL )
INTERNATIONAL, )
      Defendants. )

## MEMORANDUM OPINION

The plaintiff, Gordon Posey ("Posey") brings this action under 29 U.S.C. § 1132(a)(1)(B) claiming that defendant U-Haul Company of Alabama, Inc. ("U-Haul") failed to provide the disability benefits due to Posey under an insurance policy provided by U-Haul. Plaintiff also brings a claim under the Consolidated Omnibus Budget Reconciliation Act of 1988 ("COBRA") 29 U.S.C. § 1132 asserting that section 1166(4) requires the plan administrator to notify qualified beneficiaries of their rights under ERISA to elect continuation of health care coverage and that U-Haul failed to provide such notice to the Plaintiff.

Before the court is defendant U-Haul's Motion For Summary Judgment, filed February 4, 1999. The motion was taken under submission as of March 31, 1999. After careful consideration of the briefs and evidentiary materials submitted, the court finds that the defendant's motion is due to be GRANTED and the action will be dismissed with prejudice.

18

Facts

Plaintiff Posey worked as a mechanic/welder for Defendant U-Haul from August 15, 1983 until his last day of employment, August 15, 1986. On August 22, 1986, Posey began receiving disability benefits pursuant to the Amerco Disability Insurance Plan (hereinafter "the Plan"). Under U-Haul's group health plan, medical benefits coverage was provided to Posey as an employee and extended during his disability for a maximum of 12 months from the last day of his employment, or August 15, 1987. On January 26, 1996, Oxford Life Insurance Company (hereafter "Oxford"), the administrator of the Plan, elected to terminate Posey's disability benefits retroactive to October 31, 1995 because medical professionals, including Posey's doctor, John Kennedy, M.D., concluded that Posey could be employed in a sedentary capacity such that Posey was no longer totally disabled under the terms of the Plan.

Under the Plan as it existed in 1995, a participant has 90 days from the denial of a claim in which to appeal in writing to the insurance company (an advisory committee), which in this case is Oxford. On March 18, 1996, Oxford Life received a hand-written note from Dr. Charles Coffey stating that in his opinion Posey is permanently and totally disabled. On April 5, 1996, Oxford wrote Posey, informing him that Oxford's decision was based on information obtained from Dr. Coffey, Dr. Kennedy, and Dr. Taylor. Oxford continued to deny the benefits and stated that it had not received any further documentation which might alter that claim determination.

On May 3, 1996, Oxford received a letter from Plaintiff's attorney, Hunter Horton, informing Oxford that Plaintiff was currently receiving Social Security benefits and that the Social Security Administration had determined Posey was disabled. On May 10, 1996, Oxford wrote Mr. Horton and informed him that two doctors (Taylor and Kennedy) had determined that Plaintiff's condition

was stable and their opinions did not support Mr. Horton's statement that Posey was totally disabled at that time. Oxford did not receive further documentation regarding Posey until February of 1998, when it received the complaint in this matter via U.S. mail.

## Analysis

### I. 1132(a)(1)(B) Claim For Disability Benefits

Generally, litigants seeking to recover ERISA benefits are required first to exhaust all available administrative remedies. Mason v. Continental Group, Inc., 763 F.2d 1219 (11th Cir. 1985) cert. denied, 474 U.S. 1087 (1986). In the present case, the Plan provides at page 51 that "a request for review must be submitted in writing to the Advisory Committee within 90 days after the claimant receives notice from Amerco, Oxford or the Advisory Committee that their claim has been denied." Oxford provided plaintiff with a copy of the Plan which contains information about claims disclosure, including the aforementioned instructions on time limitations regarding an appeal of a denial of benefits. The Eleventh Circuit has recently held that contractual limitations periods in ERISA actions are enforceable, regardless of state law, provided they are reasonable. Northlake Regional Medical Center v. Waffle House System Employee Benefit Plan, 160 F.3d 1301 (11th Cir. 1998). This court finds that the 90 days limitation period prescribed in the Plan is reasonable.

On January 26, 1996, Oxford, the Plan administrator, sent Posey a written denial of his disability benefits retroactive to October 31, 1995. No written request to obtain either a review of the denial of plaintiff's disability benefits or an extension of time in which to process the claim was submitted by or on behalf of Posey within the 90 days time period, or April 23, 1996. The only written documents sent to Oxford consisted of a March 18, 1996 memo by Dr. Coffey stating his opinion that plaintiff is totally disabled and a May 3rd, 1996 letter from plaintiff's attorney stating

plaintiff is considered disabled by the Social Security Administration, wanting an explanation of the basis that plaintiff's claim was denied, and requesting information concerning appeal rights. The court finds that adequate notice was sent to Posey by letter dated January 23, 1996, stating the reason for the termination of his disability benefits and that the administrative appeal procedure available to plaintiff under the Plan is outlined in the employee benefits booklet issued to him by U-Haul. Also, this court finds that plaintiff failed to file a written appeal to the denial of benefits claim within the 90 day contractual limitations period contained in the Plan documents. Thus, the court holds that the plaintiff failed to exhaust administrative remedies and that plaintiff's claims are barred by the contractual limitations period contained in the Plan documents.

The court finds that Oxford is the claims review fiduciary of this employee benefit plan and that it has the discretion and authority to do the following: interpret the Plan's language, hear and resolve claims relating to the Plan, decide all questions and disputes that may arise under the Plan, determine the rights of any persons under the Plan, and determine the identity of those entitled to benefits under the Plan. Additionally, the following are the court's findings: the arbitrary and capricious standard of review applies to the decisions of Oxford, that Oxford's decision to deny plaintiff's disability benefits is not arbitrary and capricious for failing to take into account evidence not provided to it at the time, that the definition of disabled as set forth in the Plan is the controlling definition, that Oxford properly and correctly exercised its discretion in determining that plaintiff no longer qualified for benefits and that decision was correct given the information provided to Oxford at the time by Plaintiff's physician. Consequently, the court finds that defendant U-Haul has not failed to provide benefits due to the plaintiff under the contract of insurance, and summary judgment is due to be GRANTED in favor of defendant U-Haul on the disability benefits claim.

II. 29 U.S.C. § 1132 COBRA Claim For Health Care Coverage

The Consolidated Omni Bus Reconciliation Act (COBRA) amendments to ERISA require the sponsor of a group health plan to grant a "qualified beneficiary" who would lose coverage under the plan because of a "qualifying event" the opportunity to elect and receive continuation coverage under the plan for a specified period of time following the event. COBRA, 29 U.S.C. 1161(a). Pursuant to COBRA, 29 U.S.C. § 1163(2), the termination or reduction of hours of the covered employee's employment is a "qualifying event."

Additionally, COBRA, 29 U.S.C. § 1166 requires the employer of a "qualified beneficiary" under the plan to notify the administrator of the plan of a "qualifying event" within 30 days of the qualifying event. Further, the administrator of the plan is required to notify the employee of the "qualifying event." Id. Once the qualified employee elects continuation of coverage, benefits may cease if he or she fails to pay the premiums. ERISA, 29 U.S.C. 1162(c).

The court finds that plaintiff was provided a benefits book describing his health care benefits coverage which stated the medical benefits provided to him as an employee of U-Haul Co. of Alabama, Inc. would be extended during his disability for a maximum of 12 months from the last day of his employment. In this case, 12 months from the last day of plaintiff's employment was August 15, 1987. The court finds that plaintiff received notification that he was entitled to continue this coverage under the Plan if he paid a premium of $260 each month after August 15, 1987, that the plaintiff failed to pay the premium, and that the health benefits were not provided to plaintiff for that reason. Accordingly, summary judgment is due to be GRANTED in favor of defendant U-Haul on this claim.

## Conclusion

No genuine issues of material fact exist with regard to any claims in this case. Therefore, this court concludes that defendant U-Haul is entitled to summary judgment on all claims. A judgment consistent with this memorandum opinion will be entered contemporaneously herewith.

Done this __15__ day of April, 1999.

_____
SENIOR JUDGE